UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,
      Plaintiff,


            v.                              CIVIL ACTION NO.
                                            09-12051-PBS

MAURICE WYMAN and
CYNTHIA WYMAN,
      Defendants.

              **REPORT AND RECOMMENDATION RE:**
        **UNITED STATES OF AMERICA'S MOTION FOR SUMMARY**
          **JUDGMENT AGAINST THE DEFENDANTS MAURICE**
                    **WYMAN AND CYNTHIA WYMAN**
                      **(DOCKET ENTRY # 14)**

                       **April 27, 2011**

**BOWLER, U.S.M.J.**

   Pending before this court is a summary judgment motion filed by plaintiff United States of America ("the government") under Rule 56, Fed. R. Civ. P. (Docket Entry # 14). The government seeks the unpaid federal income taxes from defendant Maurice and Cynthia Wyman ("defendants") for the tax years of 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2004 and 2005 in the total amount of $2,380,575.37 plus interest and other statutory additions from and after October 15, 2010. (Docket Entry # 16). The government also seeks the unpaid federal income taxes from defendant Maurice Wyman ("Wyman") for the 2006 tax year in the total amount of $215,928.16 plus interest and other statutory additions from and after October 15, 2010. (Docket Entry ## 14 & 16).

To date, defendants have not filed an opposition and the November 15, 2010 deadline for filing an opposition has long since passed. The summary judgment motion (Docket Entry # 14) is therefore ripe for review.

The complaint alleges that a Delegate of the Secretary of the Treasury assessed defendants for unpaid income taxes, penalties and interest for the above noted tax years in the total amount of $2,490,492.79 as of December 1, 2009. According to the complaint, the government issued proper notice of the assessments, demanded payment and defendants failed to pay. (Docket Entry # 1).

STANDARD OF REVIEW

Summary judgment is designed "to pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Davila v. Corporacion De Puerto Rico Para La Difusion Publica, 498 F.3d 9, 12 (1st Cir. 2007) (citation and internal quotation marks omitted). It is appropriate when the record shows "there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." American Steel Erectors, Inc. v. Local Union No. 7,

2

International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 536 F.3d 68, 75 (1st Cir. 2008). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Id.

"The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (citation, internal brackets and internal quotation marks omitted). "After such a showing, the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor." Hinchey v. Nynex Corporation, 144 F.3d 134, 140 (1st Cir. 1998) (citation and internal quotation marks omitted).

The nonmoving party, who bears the ultimate burden of proof, may not rest on allegations in his briefs, Borshow Hospital & Medical v. Cesar Castillo, 96 F.3d 10, 14 (1st Cir. 1996), "but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). The court must examine the facts in a light most favorable to the non-moving party and resolve any reasonable inferences in that party's

favor. Dasey v. Anderson, 304 F.3d 148, 153 (1st Cir. 2002).

The government submits a LR. 56.1 statement of undisputed facts. Uncontroverted statements of fact in the LR. 56.1 statement comprise part of the summary judgment record. See Cochran v. Quest Software, Inc., 328 F.3d 1, 12 (1st Cir. 2003) (the plaintiff's failure to contest date in LR. 56.1 statement of material facts caused date to be admitted on summary judgment); Stonkus v. City of Brockton School Department, 322 F.3d 97, 102 (1st Cir. 2003) (citing LR. 56.1 and deeming admitted undisputed material facts that the plaintiff failed to controvert). The summary judgment record shows the following.

## FACTUAL BACKGROUND

Defendants filed joint federal income tax returns with the Internal Revenue Service ("IRS") for the years 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2004 and 2005. (Docket Entry # 15). Wyman separately filed an individual federal income tax return with the IRS for the 2006 tax year. Although defendants made a number of payments towards their tax liabilities at various times, unpaid balances remain for each of these tax years as of October 15, 2010. (Docket Entry # 15, ¶ 3).

Notices of assessments and demands for payment were sent to defendants on the dates of the assessments relative to the 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2004 and 2005 tax

4

years and to Wyman for the 2006 tax year. (Docket Entry # 15, ¶¶ 4 & 5; Docket Entry # 15, Ex. 2, ¶¶ 3 & 4). The record contains Form 4340 Certificates of Assessments and Payment for each of the tax years at issue. The forms list amounts of assessments and provide "23C" assessment dates for the particular tax year with the account status as of December 11, 2008. (Docket Entry # 15, Ex. 3-14). Additional amounts accrued thereafter as evidenced and set forth in the sworn declaration of IRS Technical Services Advisor Rai Shepardson ("Shepardson declaration"). (Docket Entry # 11, Ex. 2).

Specifically, notices of assessments and demands for payment were sent to defendants on the following assessment dates for the following tax years: April 8, 2002 for the 1993, 1994 and 1995 tax years; November 25, 2002, for the 1996 and 1997 tax years; January 10, 2000, for the 1998 tax year; December 11, 2000, for the 1999 tax year; November 26, 2001, for the 2000 tax year; November 25, 2002, for the 2001 tax year; November 21, 2005, for the 2004 tax year; November 27, 2006, for the 2005 tax year; and, as to Wyman only, November 5, 2007, for the 2006 tax year. (Docket Entry # 15, ¶¶ 4 & 5; Docket Entry # 15, Ex. 2, ¶¶ 3 & 4). As of October 15, 2010, defendants' unpaid balance, including interest and accruals, is: $93,330.24 for 1993; $299,374.88 for 1994; $100,646.62 for 1995; $462,005.61 for 1996; $179,879.56 for 1997; $177,484.23 for 1998; $113,176.63 for 1999;

5

$179,428.40 for 2000; $242,884.02 for 2001; $209,052.53 for 2004; $323,312.65 for 2005; and, as to Wyman only, $215,928.16 for 2006.[1]  (Docket Entry # 15, ¶¶ 4 & 5; Docket Entry # 15, Ex. 2, ¶¶ 3 & 4).

Accordingly, despite notice and demand, defendants have refused or neglected to fully pay assessed income tax liabilities.  The Shepardson declaration establishes that as of October 15, 2015, defendants owe a total of $2,380,575.40 in unpaid income taxes and that Wyman owes an additional $215,928.16.  Defendants also owe "interest and other statutory additions accruing from and after October 15, 2010."  (Docket Entry # 15, Ex. 2).

DISCUSSION

"The IRS has the authority to make assessments of all unpaid taxes" pursuant to 26 U.S.C. §§ 6201 et seq.  United States v. Berk, 374 B.R. 385, 391 (D.Mass. 2007).  IRS Form 4340, Certificate of Assessments and Payments ("Certificate of Assessments"), is "'routinely used to prove that tax assessment has in fact been made.'"  Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992) (quoting Rocovich v. United States, 933 F.2d 991, 994 (Fed.Cir. 1991)).  Once the IRS makes an assessment, "it

---

[1] These figures include credits for payments defendants made for various years.

6

must 'give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.'" United States v. Berk, 374 B.R. at 391 (quoting 26 U.S.C. § 6303).

A Certificate of Assessments is "'presumptive proof of a valid assessment.'" Stuart v. United States, 337 F.3d 31, 35 (1st Cir. 2003) (quoting Geiselman v. United States, 961 F.2d at 6); accord United States v. Berk, 374 B.R. at 391. The "presumption places the burden" on the taxpayer "to show that the IRS's determination is invalid." Stuart v. United States, 337 F.3d at 35; United States v. LaBombard, 107 F.Supp.2d 57, 60 (D.Mass. 2000) ("taxpayers bear the burden of proving that a tax deficiency assessment is erroneous"); United States v. Berk, 374 B.R. at 391 (noting that taxpayer must present "specific evidence sufficient to overcome the 'presumption of correctness' attached to any federal tax assessment"). "If the taxpayer cannot meet this burden then the court must allow the United States' motion for summary judgment as to the validity of the assessed tax amounts." United States v. Berk, 374 B.R. at 391; see United States v. LaBombard, 107 F.Supp.2d at 60.

The government made assessments against defendants for unpaid federal income taxes for the years 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2004, 2005 and 2006[2] which are

---

[2] With respect to the 2006 tax year, the government made the assessments only against Wyman.

7

memorialized in Certificates of Assessments for each tax year. (Docket Entry # 15, Ex. 3-14). The government sent notices of the assessments to defendants and made demands for payment. The Shepardson declaration establishes that as of October 15, 2010, the tax deficiency defendants owed the government totaled $2,380,575.40. Wyman owed the government an additional tax deficiency of $215,928.16 as of October 15, 2010. Interest and other statutory additions to both amounts continue to accrue from and after October 15, 2010. (Docket Entry # 15, ¶ 4; Docket Entry # 15, Ex. 2, ¶ 4). The government's tax deficiency assessments are presumed correct unless defendants can prove otherwise. See Stuart v. United States, 337 at 35; see United States v. LaBombard, 107 F.Supp.2d at 60.

Defendants assert a number of defenses in their answers to the complaint. (Docket Entry ## 4 & 5). Represented by counsel, however, defendants fail to provide any facts to support these defenses. Defendants did not file an opposition to the summary judgment motion. Hence, they fail to raise an argument let alone satisfy their burden on summary judgment as to these defenses. Defendants did not contest the facts set forth in the summary judgment record including the Certificates of Assessments and the deficiencies noted in the Shepardson declaration. Defendants thus fail to meet the burden of proof as to the validity of the assessed amounts on summary judgment. See Stuart v. United

States, 337 at 35 (the defendant's "assertion may well be correct, but he has not produced any records or other corroborating evidence . . . [c]onsequently [the defendant] has failed to demonstrate that the Certificates of Assessment and Payments were not reasonable"); United States v. Aivalikles, 278 F.Supp.2d 141, 143 (D.N.H. 2003) (the defendant "has not submitted any materials to support his statements" and therefore "has not presented sufficient support for his assertions to overcome the presumption that the assessments are correct"). Summary judgment in favor of the government in the total amount of $2,380,575.40 against defendants and the additional amount of $215,928.16 against Wyman plus interest and other statutory additions accruing from and after October 15, 2010, is therefore warranted. See, e.g., United States v. LaBombard, 107 F.Supp.2d at 60 (allowing summary judgment for the government because "LaBombard does not address the validity of the other tax assessments in any way and, therefore, does not challenge the presumption of correctness that they carry").

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[3] that the government's motion for summary judgment

---

[3] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the

9

(Docket Entry # 14) be **ALLOWED**.

                              /s/ Marianne B. Bowler
                              **MARIANNE B. BOWLER**
                              United States Magistrate Judge

---

basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.